White, J.
 

 delivered the following opinion of the Court: —
 

 It is urged by the appellant that the appellee’s entry is not special, because it may as well be surveyed by beginning at one of several other points on Weakly and Bedford’s line as the one at which the beginning is fixed; and that, for this uncertainty, the entry is not available. But we-are of opinion that the entry is sufficiently certain, and that the beginning has been placed at the proper point.
 

 The counsel for the appellant further urges that Anderson’s claim to the land is the best, because his title is to be considered as commencing on the 1st day of May, 1806 ; the time fixed by the law of 1806, from which those who were actually seated on vacant and unappropriated land should be considered as having a preferenceof three months from the 1st day of June in the same year, within which to make an entry.
 

 Upon examining this matter it appears that the Legislature of 1806 passed an Act prescribing the mode in which titles to lands should be obtained ; and, in that Act, gave a preference of six months from opening of the land office, within which any person who had made an entry under the Act of 1801 should be allowed to make an entry for the same land. By another Act, passed the same session and dated the next day, the Legislature gave a preference of three months from the first of June, within which any person seated on vacant and unappropriated land, at or before the 1st May, 1806, might make an entry for 200 acres including his settlement. Weakly, claimed a preference under the first of the two last-mentioned Acts, having made his entry within the time thereby prescribed.
 

 Anderson claims a preference under the last of these two Acts, having
 
 *314
 
 made his entry within the prescribed time ; and on his behalf it is insisted that the Act under which he claims, being the latest, shall be considered as a virtual repeal of the former.
 

 Original Note. — In the case of Anderson
 
 v.
 
 Weakly, the reporter is informed that Judge Overton does not concur in the opinion which seems to imply that the mode of surveying adopted by Weakly was the only legal one. Perhaps the terms used, being in conformity with the reporter’s own opinion, are stronger than those used by Judge White in' delivering the resolution of the Court. —
 
 Rep.
 

 There can be no doubt but the Legislature is as much competent to repeal an Act, by itself passed, as any subsequent Legislature would be; -but whether it was competent for it to repeal the section giving this preference, and thereby defeat it, is not necessary now to inquire.
 

 It would be so extraordinary an occurrence for the Legislature to pass an Act on one day and repeal it on the next, that it is believed a Legislature that intended it would be so explicit as to leave no room for doubt; and where an implied repeal is alleged in a case so singular, a court ought to be well convinced that no construction could be found that would leave both acts to operate, before it would say the first was repealed by the latter.
 

 It is urged in this case that entries made under the Act of 1801 were void, and, therefore, this land was vacant on the first of May, 1806.
 

 The interpretation which the Court are inclined to put upon these two Acts, both of which must have been before the Legislature at the same time, is this, that when passing the second Act in favor of occupants they did not deem any land as vacant and unappropriated when it was so situated as to fall within that class to which a preference had been given the preceding day. By this construction each Act will have some operation, — by the first the preference will remain to the enterer under the law of 1801; by the last the preference will remain to the occupant who was seated upon land to which no other had any kind of title or preference given to procure one. The Act of 1807, explanatory, as it is said, of those two Acts, has been read. This Court are not much inclined to affect the rights of individuals by explanatory acts, passed after the vesting of those rights; but in the present case it is very evident that the words or spirit of this last Act have no relation to the case before the Court, it only relates to cases where the settlement was made before the entry which contends with it, which is not stated to be the case in this instance.
 

 Let the judgment be affirmed.